B.EPORT OF MAJORITY.
In Assembly, January 31, 1855.
Mr. Bamsey, from the committee ,on privileges and elections, to which was referred the petition of Andrew S. Warner, claiming the seat in the Assembly, occupied by Jacob M. Selden, submitted a majority report as follows, to wit:
*280 Report op the Majority and op the Minority op tiie Committee on Privileges and Elections on the Petition op Andrew S. Warner, Claiming the Seat in Assembly Oooupied by Jacob M. Selden.
The committee on privileges and elections, to which was referred the petition of Andrew S. Warner, claiming the seat in the Assembly occupied by Jacob M. Selden, from the second Assembly district, in the county of Oswego, report:
That they have had the same,' together with the proofs and allegations of the parties, under consideration, and -that from such proofs and allegations they find'the following facts :
That the towns of Amboy, Mexico and Williainstown are included in, and form a part of the second Assembly district in Oswego county. That Andrew S. Warner and Jacob M. Selden were candidates for the office of member of Assembly at the last general election. That as appears from the tabular statement hereto annexed, marked exhibit “ A.”, Jacob M. Selden received one thousand four hundred and forty-eight votes for said office and Andrew S. Warner, the contestant, as also appears by said exhibit “A.”, received one thousand four hundred and forty-four votes for said office, in said second Assembly district.
Your committee find by the evidence before them, that the inspectors of the election in the town of Amboy were led into a mistake in the canvass of the votes for member of Assembly in said town, whereby two votes cast for Andrew S. Warner were, by said inspectors, counted for and allowed to Jacob. M. Selden. For a full explanation or account of this branch of the case, reference is made to the testimony of Adin H. Porfjer, Delos Randall, Robert Wilson, James T. Young, Chauncey S. Sage and W. J. Godfrey, herewith submitted.
Your committee also find by the evidence, that in the town of Mexico, in said Assembly district,, two minors, to wit, Richard R. Jones and Charles W. Brown, each voted in said town of Mexico at the last general election for member of Assembly, and that they, and each of them, voted for Jacob M. Selden for said office. Reference is made to the testimony of said Richard R. Jones and Charles W. Brown, also herewith submitted.
Your committee also find by the evidence that one Napoleon B. Peck voted at the last general election in the town of Amboy, in'Oswego county, for Jacob M. Selden, for the office of member *281 of Assembly. That said UST. B. Peek bad resided in tbe county of Oswego, only from about the twentieth day of October last. Reference is made to the evidence of Smith Parks, herewith submitted.
The committee also find by the evidence in this case that in the town of Sandy Creek, in said second Assembly district in Oswego county, one ballot was counted for and allowed to Jacob M. Selden for member of Assembly, described in the evidence as follows, to wit: “It was a printed ballot for a Mr. Devendorf, whose name had been erased, and between the names so erased and the words ‘■for member of Assembly’, was written in pencil as follows : ‘ J.’ (a capital letter,) ‘ se,’ in small letters.”
Reference is made to the evidence of Orin R. Earl and Horace Scripture, herewith submitted.
The committee also find by the evidence in the case, that in the town of Amboy there were cast in all one hundred and ninety-one votes for member of Assembly. That by- an error of the board (how induced the committee are not advised) the footing of the poll list for member of Assembly was assumed to be one hundred and ninety-four instead of one hundred and ninety-one. That before canvassing the Assembly tickets finally, the inspectors opened the judiciary box, and among the judiciary ballots they found two Assembly tickets for Jacob M. Selden. That the inspectors put the two Assembly tickets aforesaid with the rest, and then, on counting found they had one hundred, and ninety-ballots for member of Assembly, which, upon the (erroneous) assumption that they wanted one hundred and ninety-four, made an excess of two votes.
That the inspectors then drew from the Assembly ballots one ballot for Andrew S. Warner, and one ballot for a Mr. Whitney, and destroyed them. That the canvass then proceeded with the one hundred and ninety-four ballots, with following result:
For Whitney... .. 65
Jacob M. Selden. 59
Andrew S. Warner.'. 44
— Devendorf. 26
Aggregate.:. 194
Reference is made to the testimony of Adin II. Foster, Delos Randall, Robert Wilson, and also to the original poll list, marked exhibit “ B,” herewith returned.
*282 Tlie committee refer the House to the testimony of Caleb Carr, Josiah F. Selden, Dwight Comstock, Peter H. Morrison, in relation to a vote alleged to have been cast in the town of Williamstown, and. counted for and allowed to Andrew S. Warner. The committee are not fully satisfied upon the point involved therein, and make no report thereon.
The committee also herewith submit the petition of Andrew S. Warner, contestant, marked exhibit “ C,” and also the specifications made by said Warner, and served on said Selden, as appears by an affidavit thereof herewith returned, and all the allegations and proofs of the parties, in order that the House may the better judge of the correctness of the conclusions to which your committee have come in the premises. .
From all the proofs and allegations of the parties, your committee conclude that the inspectors erred in counting for Jacob M. Selden, the two ballots found in the judiciary box, there being an excess of Assembly votes without them.
That the inspectors erred in destroying a ballot belonging to Andrew S. Warner, which was drawn out after the two ballots in the judiciary box had been added to the Assembly ballots.
That the two ballots cast for Jacob M. Selden in the town of Mexico, by Richard R. Jones, and Charles W. Brown, minors, should not be allowed to and counted for Jacob M. Selden.
That the ballot cast for Jacob M. Selden, in the town of Amboy, by Napoleon B. Peck, should not be,, allowed to and counted for Jacob M. Selden.
That the inspectors erred in allowing to Jacob M. Selden a defective ballot, cast in the town of Sandy Creek, above described.
It therefore appears from the foregoing that the seat now held by Jacob M. Selden, from the second Assembly district, in the county of Oswego, belongs to Andrew S. Warner, the contestant, by a majority of seven votes, and your committee therefore recommend for the consideration and adoption of this House, the following resolutions, to wit :
Resolved, That Jacob M. Selden, who- now holds the certificate of election, and occupies the seat as member of Assembly from the second Assembly district in the county of 'Oswego,' is not entitlfed to the same.
Resolved, That Andrew S. Warner,'the contestant for the seat, as member of Assembly from the second assembly district in the county *283 of Oswego, has established bis title thereto, and that he is hereby declared the member elect from said district, and that the oath of office be duly administered to him upon Iris presenting himself for that purpose. •
All of which your committee respectfully report.
J. II. RAMSEY.
¥1. B. WOODEN.
MOSES EAMES.
Assembly document, Í855, vol. 2, No. 37.
See exhibits, testimony, &c., following report, pages 5 to 24.
See also, Assembly document, 1855, vol. 2, No. 59, pages 1 to 34.
Mr. Ramsey moved that the report be laid upon the table and printed.
Mr. Speaker put the question, whether the House would agree to the said motion of Mr. Ramsey, and it was determined in the affirmative.
MiNoeity Report.
Mr. Wager, from the minority committee on privileges and elections, to which was referred the petition of Andrew S. Warner, claiming-the seat in the Assembly, by Jacob M. Selden, reported in writing, protesting against the action of the majority as follows :
Report oe the Minority oe the Committee on Privilege and ELECTIONS, ON THE PETITION OE ANDREW. S. WARNER.
The minority of the committee on privileges and elections, present the following report:
The undersigned are unwilling to agree to the report of the majority from this committee in these particulars. They cannot find two votes in the town of Amboy, in the county of Oswego were cast for Andrew S. Warner, and allowed to Jacob M. Selden.
The inspectors of the election were both sworn to perform that duty in accordance with law, and in the absence of -anything-to the contrary, they are presumed to do so; but this is not left to presumption, both of the inspectors from that town were sworn, and negative any such idea, which to our minds is conclusive'that the county canvass and returns correspond with the facts.
It is true that one of the clerks at that poll testified, that two votes for Warner were found in Selden’s pile while counting, but we think no conclusion can be drawn, from this language, even.that would *284 justify us in saying that those votes were not allowed to Andrew S. Warner; in truth the preponderance of the testimony is clearly the other way, and as no one has lisped during the whole investigation that any fraud was practiced by any person, and as this was no part of the duty of the clerk, we must say that the inspectors performed their duty porrectly.
We are strengthened in this conclusion- when the inspectors, or one of them, testified that he is politically hostile to Mr. Selden, and cast his vote at the election for Mr. Warner.
It is proved by Richard R. Jones, that his brother, John 0. Jones, a minor, voted at the last election ; that a ballot containing the name of Jacob M. Selden was handed to him, but whether he had any other ballots, or whether he actually voted for Selden the witness could not tell us positively, and the undersigned cannot believe that the sitting member should be prejudiced by such evidence.
Charles W. Brown swears, that he was a minor and voted in the town of Mexico, Oswego county, at the last election for Jacob M. Selden, no challenge was interposed, and the conclusion therefore is that without any bad faith upon the part of the inspectors of elections of that town, or of any of the bystanders, this vote was received; yet the undersigned believe that it would be highly improper in such isolated cases, and when no suspicions are thrown around the action of the board of inspectors of election in receiving such vote, to go behind the ballot-box.
If in such case any judgment is to be visited upon the guilty party, the person who voted knowing that he was not entitled to do so should be that party; the rights of innocent parties should not be prejudiced; the law provides ample remedy in such cases for the punishment of the offender, without any detriment to others.
The majority have found that in the town of Amboy, one Napoleon B. Peck voted at the last election, and that he had not been a resident of the- town a sufficient length of time to entitle him to vote for member of Assembly in that town. There was conflicting evidence upon this point before the committee. Some gaye evidence that they believed he had not-been a resident a sufficient length of time ; others, that he had resided in the town for several months.
Smith Park, who is the strongest witness for the contestant, upon this question of residence, testifies that he moved Peck’s wife and child from Camden, Oneida county, to the town of Amboy, on or about the 20th day of October last. This witness also testifies that *285 he gave Peck a ballot at the election, and did not know bnt that he had been in the county of Oswego, four months. He also swears that this question of residence of Peck was submitted to the board of' inspectors, and upon examination, they decided to receive the vote of Mr. Peck. The undersigned deem this action and decision of the inspectors conclusive upon this committee ; it is a judgment in favor of the legality of the vote, and where there is conflicting evidence, it is conclusive.
Por whom Mr. Peck voted, is by no means absolutely certain; and it would be a dangerous doctrine to over-ride a majority of the voters in the second Assembly district, of the county of Oswego, by inference, and without positive proof.
In Sandy Creek, it is proved that a ballot was allowed to Jacob M. Selden, by the inspectors, which was partly defective, having on it the name of “Jacob M. Sel,” and the inspectors not doubting the intention of the voter, gave it in the count to Jacob M. Selden. But in case this should not be allowed to him by this committee, it does not benefit Mr. "Warner, when we take into consideration, that in the town of Williamstown, a vote with simply the name “ Warner” upon it, was allowed by the inspectors of that town, to Andrew S. Warner.
There is an ambiguity about the footing of the poll list of the town of Amboy, and the number of ballots cast, but all agree about the perfect good faith in which all this business was transacted, and the result of the canvass cannot be affected by this ambiguity ; for if the poll list contains three votes less than the number of ballots cast, no one can tell from whom those votes should be deducted, and the majority claim nothing on this point by their answer to the protest.
The undersigned would call the attention of the House to the fact that the figures and footings given, are not correctly printed; the footing is very material to this investigation.
As has already been stated by the undersigned, there has been no evidence adduced, or any imputations cast upon the perfect good faith and absence of any fraud, or attempted fraud, in any part of the Assembly district, from which Mr. Selden is sent; and your committee cannot discover facts enough to justify them in going behind the ballot-boxes, and the certificate entitling Jacob M. Selden to a seat as a member of this House, and placing another in his place, over a majority of electors of that district, and beg leave to recommend the adoption of the following resolution :
*286 Resolved, That the prayer of the petitioner, Andrew S. Warner, claiming the seat in this House, now occupied by the lion. Jacob M. -Selden, be denied.
A. WAGER.
P. 0. WARD.
Assembly Chamber, Fébrua/ry lsi, 1855.
MinoRitt Report.
The undersigned, a minority of the standing committee upon' privileges and elections, beg leave to present this their protest to the action of the majority of this committee, in the case of the contested seat of Jacob M. Selden, a member of this House from the second Assembly district of the county of Oswego, in the following particulars :
1st. That it was the understanding upon the part of Mr. Selden and this committee, that he should be allowed a reasonable time to' procure such witnesses and testimony as lie might deem material, to rebut and disprove the allegations- and evidence produced against him. That upon such understanding the investigation was continued, and a number of witnesses examined by this, committee, until Saturday evening last, when, for the first time, Mr. Selden was informed by a majority of this committee that he would not be allowed further time to procure any witnesses, to disprove the allegations given in evidence against him.
That yesterday afternoon Mr. Selden appeared before said committee, and made an affidavit of the materiality of certain witnesses named by him, (some of whom were mentioned in the specifications of the contestant), and that the committee could not decide properly upon his case until such witnesses were produced, and requesting a postponement for one week to procure their attendance, which was denied by a majority of this committee.
The ¡undersigned, believing that such action upon the part of this committee does riot evince that spirit of justice and indulgence that a fair and' honorable investigation of his case requires, and believing also that strict technical rules, such as characterise legal proceedings, should not be enforced by this committee, but that-substantial justice should be sought, so that not only the sitting member and the contestant may be fairly dealt with, but that absent parties, the electors of that Assembly district, may be protected in their rights and preferences. And believing as we do that the evi- *287 deuce named by Mr. Selden would have for its accomplishment these ends, w & protest against such action of a majority of this committee, in refusing to allow an opportunity to procure such evidence.
The undersigned would further state, that during this investigation, which has been very tedious, they have been in attendance with the committee at all suitable hours ; that when said committee have been sitting, and the hour for the meeting of this House arrived, the undersigned have notified the chairman of this committee that this House was in session, and requested that the investigation -be adjourned, so that this committee might attend in their places as members in this House; that upon such request and notification a majority of this committee refused to adjourn, and that the undersigned thereupon, as they conceived their bounden duty, left said committee and attended the session of this House, while a majority of said committee remained in the committee room, receiving evidence in this matter.
The undersigned believing that such action was in direct violation of all parliamentary rules by which this body, is governed, and in opposition to the duty of members thereof, most earnestly and sol-em.nljprotest against such action, and submit that evidence, so taken in the absence of the undersigned, or either of them, should be retaken by the committee, so 'that they may be able to decide tins contest with -all the facts before them; and that committees may understand that they are not independent of, but subservient to the rules governing this House.
In view of the facts above set forth, and for the promotion of justice between the parties in this matter, the undersigned beg leave to offer the following resolution :
Be soloed, That the matter of the petition of Andrew S. Warner be referred back to the committee upon privileges and elections to take the evidence and testimony offered by Jacob M. Selden, and rejected by them; and that for the purpose of procuring such evidence said Selden be allowed one week’s time to produce it before that committee; and that such evidence as was taken during the session of this House, and in violation of its rules, be retaken by such committee.
Respectfully submitted.
A. WAGER,
P. 0. WARD.
Assembly Chambee, Jan. 31, 1855.
*288 IN THE MATTER 'OE THE CONTESTED SEAT OE JACOB M. SELDEN.
The majority of the standing committee on privileges and elections, in answer to the protest of the minority, deem it proper to make a statement of the following facts in relation to the matter:
The same" day the committee was announced (4th Jan., inst.), the parties appeared before them with a view of settling the manner of taking the testimony. The parties preferred having the witnesses attend before the committee personally, and the time for the hearing was, by consent, fixed for the 15th inst., at four o’clock, e. m. The chairman, at the time, stated to both parties specifications should be made and served, that each might know precisely what he had to meet.
On the 15th, Mr. "Warner alone appeared and stated that Mr. Selden complained of being unwell, and wanted the matter postponed ; it was accordingly postponed to the 23d inst,. at four o’clock, p. m. Subpoenas were issued, and on the last mentioned day the parties appeared with their counsel and witnesses before .the c9m1n.it-tee. The specifications were again spokep of, and it was stated that they had been served on part of Mr. "Warner; a copy, which was produced, annexed. The attention of Mr. Selden was again called to the necessity of preparing specifications on his part if he intends 1 to. show irregularities on the part of Mr. Warner’s vote, not in issue by the petition or specifications served. No specifications were made or served on the part of Mr. Selden to the knowledge of the committee.
The parties then proceeded to take the testimony, commencing with the witnesses on part of-Mr. Warner in support of the points made in his petition and specifications. Testimony was then adduced on the part of Mr. Selden in answer, and in reply other testimony on part of Mr. Warner, until it was.closed on Saturday, the 27th inst. Mr. Selden then asked further time to procure testimony, and stated he thought if he could have time to look about he could find illegal votes had been given for Mr. Warner.
The committee consulted together, and were unanimous in the opinion, it was -improper to keep the case open for such a purpose, as that would get up new issues, and there would be no end to the examination during the session, but stated, they were willing to give him further time, to obtain witnesses to explain or rebut the testimony upon the other side., if he would name the witnesses and specify the points upon which he wished to call them. Mr. Selden then stated, he wanted to give evidence in relation to the minors who voted in *289 Amboy. The committee stated they were with him upon that point, that the votes would not be allowed against him. He tlien stated he wanted to explain the discrepancy between the poll list of Amboy, from which it appeared there was one hundred and ninety-one votes for Assembly, and the number one'hundred and ninety-four returned by the canvassers. The committee were also unanimous, it was not material, as the discrepancy of three votes Was not claimed against him, nor would they be allowed. Mr. Selden was then asked if there was any other point upon which he,wanted'further testimony, and he distinctly stated there was not.- . The chairman then stated the evidence wás closed, and inquired of the parties if they wished to argue the case before the committee. Mr. Selden stated he wanted Mr. 'Williams to argue the case on his part, who was then absent and would not return before Tuesday or Wednesday of the next week. The case was then postponed for argument until the 30th inst., at 3 o’clock, p. m., when the parties appeared and the application was made on part of Mr. Selden, to open the case for further testimony and am adjournment asked of one week, to procure the attention of witnesses, which a majority of the committee denied, when the counsel for Mr. Selden stated they abandoned the case before the commit-•tet^-Rnd would take it into the House.
The committee then adjourned until seven o’clock the same evening, to examine the testimony, and agree upon,a report. They met (except Mr. Ward), and made some examination of the matter. Mr. Wager did not agree with the majority, and said there would have to be a minority report. The matter was , adjourned until the next morning at nine o’clock, when the committee again met (except Mr. Ward), and the matter further discussed and the majority report completed. The chairman stated to Mr. Wager, if the minority desired it, he would move the majority report lie on the table until they could have time to bring in their report. The committee then separated, and went into the House, without any notice of the protest until presented.
Tour committee further state that no testimony was taken while the House was in session, except to complete the examination of one witness, which was at the request of both parties; after that, upon the objection of a member of the committee, the examination%was postponed during the sessions of the House, although according to parliamentary usage (it being a question of privilege), they would have been justified in sitting during the sessions of the House.
*290 The undersigned are not conscious that any action has been taken on/their part not consistent with a spirit of justice, or that they have not granted every indulgence necessary to a fair and an honorable investigation of the case. They have not been governed by technical rules, but endeavored to get at what was the right and justice of the case, aside from every other consideration; all of which is respectfully submitted.
J. I-I. RAMSEY.
¥1. B. WOODEN.
MOSES EAMES..
Assembly Documents, 1855, No. 37.
(See testimony, pages 5 to 24, Assembly Documents, 1855, No. 37.)
, Mr. Rickerson moved that the communication of the minority of the committee be printed.
Mr. Stevens moved to amend, by adding “and that the answer of the majority be also printed, when presented to the House.”
Mr. Speaker then put the question whether the House would agree to the said motion as amended, and it was determined in the affirmative.
Assembly Journal, 1855, volume 2, pages 247 and 248.)
CONSIDERATION OF REPORTS.
In AsseMbly, February 20, 1855.
Mr. Ramsey moved to take from the table the majority and minority reports on the contested election of Jacob M. Selden.
Mr. Speaker put the question whether the House would agree to the said motion of Mr. Ramsey, and it was determined in the affirmative.
' Mr. Ramsey moved the adoption of resolutions reported by the majority of the committee, said resolutions being in the words following, to wit:
Resabed, That Jacob M. Selden, who holds the certificate of election and occupies the seat as member of Assembly from the second Assembly district from the county of Oswego, is not entitled to the same.
Resolved, That Andrew S. Warner, the contestant for the seat as member of Assembly .from the second Assembly district in the county of Oswego, has established his title thereto, and that he is hereby declared the member elect from said district, and that the oath of office be duly administered to him, upon his presenting himself for that purpose.
*291 Mr. Wager moved to amend, by striking out all after the word “ resolved,” and insert as follows: •
That the matter of the petition of Andrew S. Warner be referred back to the committee on privileges .and elections, to take the evidence and testimony offered by Jacob M. Selden, and rejected by them; and that for the purpose of procuring such evidence, said Selden be allowed one week’s time to.produce it before the committee ; and that such evidence as was taken during the session of this House, and in violation of its rules, be retaken by said committee.
Mr. Lamport moved to lay the whole subject on the table.
Mr. Speaker put the question, 'whether the House would agree to the said motion of Mr. Lamport, and it was determined in the negative.
Mr. Rhodes moved that the subject be referred to the committee of the whole.
The hour of three-quarters past one o’clock having arrived, the Speaker announced that the House would take a recess until seven o’clock, p. M.'
Assembly Journal, 1855, vol. 2, page 395.
CoíTSIDEBATIOH OF REPORTS RESUMED.'
Hr Assembly, March 8, 1855.
Mr. Ramsey moved to take up the subject of the contested election case in Oswego.
Mr. Speaker put the question, whether the House would agree to the said, motion of Mr. Ramsey, and it was determined in the affirmative.
Mr. Speaker stated the pending question, as being the resolution of Mr. Wager, that the matter be referred back to the committee on privileges and elections, to allow Mr. Selden further time.
Mr. Boynton moved the previous question.
Mr. Munday moved to lay the motion for the previous question on the table.
Mr. Speaker put the question whether the House would agree to the said motion of Mr. Munday, and it was determined in the negative.
Ayes, 40. Noes, 66.
Mr. Speaker put the question whether the House would agree to second the call for the previous question, and it was determined in the affirmative.
*292 ANDREW S. WARNER ’AWARDED THE SEAT.
Mr. Speaker put the' question. “ Shall the main question be now put,” it being the resolution of the majority of the committee on privileges and elections, that Jacob S. Selden is not, and that Andrew S. Warner is entitled to the seat now held by Jacob M..Selden, and it was determined in the affirmative.
Ayes, 67. Noes, 39.
Mr. O’Keefe, called for a division of the question.
Mr. Speaker put the question on the first resolution, which reads as follows:
“Jdesolved, That Jacob M. Selden, who now holds the certificate of election, and .occupies the seat as member of Assembly from the second Assembly district in the county of Oswego, is not entitled to the same,” and it was determined in the affirmative.'
Ayes, 67. Noes, 40.
Andrew S. Warner awarded the Seat.
Mr. Speaker then put the question on the second resolution, which reads as follows :
“Hesol/ued, That Andrew S. Warner, the contestant for the seat as member of Assembly from the second Assembly district, from the county of Oswego, has established his title thereto, and that 'he is' hereby declared the member elect from said district, and that the oath of office be duly administered to him upon his presenting himself for that purpose,” and it was determined in the affirmative.
Ayes, 69. Noes, 38.
Mr. Warner takes the oath oe Oeeice.
.Mr. Andrew S. Warner then appeared at the clerk’s desk and took and subscribed the Constitutional oath of office.
See Assembly Journal, 1855, vol. 2, pages 597, 598, 599 and 600.